IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN DALLAS LYNCH, #214178, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:25-CV-805-RAH-KFP ) |
| KENNETH PETERS, et al., | ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

State inmate Marvin Dallas Lynch has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* Docs. 1, 4, & 5.) Lynch challenges his state court convictions imposed upon him by the Circuit Court of Chambers County, Alabama. *See* Doc. 1. For the following reasons, Lynch's § 2254 petition will be dismissed as a successive petition filed without the required appellate court authorization.[1]

**I.   BACKGROUND**

On November 4, 2008, a Chambers County jury convicted Lynch of first-degree robbery, second-degree theft of property, and reckless endangerment. (*See Lynch v. State of Alabama, et al.*, Case No. 3:17-CV-774-ECM-SMD (M.D. Ala. 2017); *see also* doc. 11-1.) On December 11, 2008, the trial court sentenced Lynch as a habitual offender to prison sentences of 60 years for his first-degree robbery conviction, 10 years for his second-degree

---

[1] Lynch's petition also appears to be time-barred under the applicable one-year statute of limitations. However, because the petition is successive and the Court thus lacks jurisdiction to consider it, the Court need not address any further deficiencies.

theft conviction, and 1 year for his reckless endangerment conviction, all to run concurrently. (*Id.*)

On September 16, 2011, Lynch filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Chambers County convictions and sentences. (*See Lynch v. Thomas, et al.*, Case No. 3:11-CV-774-WHA-WC (M.D. Ala. 2011; docs. 1 & 29.) In that action, the Court denied Lynch relief and dismissed his claims with prejudice, finding that each of the claims were either without merit or procedurally defaulted. *Id.* (Docs. 29, 31 & 32.) The Eleventh Circuit later denied Lynch a certificate of appealability from the denial of his § 2254 petition. *Id.* (Doc. 38.)

On June 19, 2015, Lynch filed a Rule 32 petition with the state trial court. (*See Lynch*, Case No. 3:17-CV-774-ECM-SMD;  doc. 11-7 at 4–70.) In his Rule 32 petition, Lynch asserted a claim that his convictions for first-degree robbery and second-degree theft of property violated double jeopardy principles because the theft of property was a lesser-included offense of the robbery and his convictions for those offenses arose from one criminal act. (*Id.*) Lynch also asserted claims that the State suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the trial court lacked jurisdiction to render judgment or impose a sentence because there was no probable cause to support his arrest warrant. (*Id.*)

On July 21, 2015, the trial court entered an order denying Lynch's Rule 32 petition. (*Id.*;  doc. 11-7 at 98.) Lynch appealed. (*Id.*; doc. 11-9.) On June 3, 2016, the Alabama Court of Criminal Appeals issued an opinion affirming the trial court's denial of Lynch's *Brady* claim and his claim regarding his arrest warrant. (*Id.*; doc. 11-11.) However, the

Alabama Court of Criminal Appeals found that Lynch's double jeopardy claim was meritorious, agreeing with Lynch that theft of property was a lesser-included offense of robbery and that his convictions for the two offenses arose from one criminal act. *Id*. (Doc. 11-11 at 10–20.) Accordingly, the Alabama Court of Criminal Appeals remanded the case with orders for the trial court to vacate Lynch's conviction and 10 year sentence for second-degree theft of property. (*Id*.)

On June 13, 2016, the trial court entered an order vacating Lynch's conviction and sentence for second-degree theft of property, leaving in place his convictions for first-degree robbery and reckless endangerment. (*Id*.; doc. 11-13.) On September 2, 2016, on return to remand, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. (*Id*.; doc. 11-14.) Lynch applied for rehearing, which was overruled. (*Id*.; doc. 11-15.) He then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on February 10, 2017. (*Id*.; doc. 11-16.)

On November 9, 2017, Lynch filed a second petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] (*See Lynch*, Case No. 3:17-CV-774-ECM-SMD; *see also* doc. 1.) Although that petition was Lynch's second petition and filed without appellate court authorization, this Court determined that it was not successive because there had been a new intervening judgment in June 2016 between Lynch's first and second habeas petitions. (*Id*.; doc. 20 at 5–7.) However, in 2021, the Court ultimately denied Lynch relief and

---

[2] In his instant § 2254 petition, Lynch claims that he filed his second habeas petition in April 2017 and that the Court erred in finding November 9, 2017, as the filing date. (Doc. 1 at 11.) However, the second habeas petition clearly states: "I declare (or certify, verify, or state) under penalty of perjury that . . . this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 11-9-2017." (*See Lynch*, Case No. 3:17-CV-774-ECM-SMD; doc. 1 at 16; *see also* doc. 1 at 35 & doc. 1-6.)

dismissed his claims with prejudice, finding the claims were without merit. (*Id.*; docs. 20, 21 & 22.)

In September 2025, Lynch filed the instant § 2254 petition challenging the same June 2016 judgment of conviction.[3] (*See* Docs. 1, 4 & 5.)

## II.   DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [petition for writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." The denial of Lynch's second § 2254 petition was clearly an adjudication on the merits, which renders the instant petition a "successive" petition for purposes of 28 U.S.C. § 2244(b). Nevertheless, Lynch has furnished no certification from the Eleventh Circuit Court of Appeals authorizing him to proceed on the instant petition.

Absent such certification, this petition must be dismissed for lack of jurisdiction. *See Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) ("Because this undertaking would be his second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court

---

[3] Under the federal habeas statute, a habeas petition may challenge only the state court judgment pursuant to which the petitioner is being held in custody. *See* 28 U.S.C. § 2254(a). Therefore, the federal habeas statute is "specifically focused on the judgment which holds the petitioner in confinement." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). The Eleventh Circuit has explained that "the judgment to which [the federal habeas statute] refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Id.* at 1292. For Lynch, the judgment authorizing his current confinement is the judgment of June 2016 entered upon the vacatur of his conviction for second-degree theft of property. That judgment "replaced" the judgment entered upon his December 2008 sentencing. *See, e.g., Thompson v. Florida Dep't of Corr.*, 606 F. App'x 495, 505 (11th Cir. 2015) (finding a "new judgment" for purposes of the AEDPA's statute of limitations in state court's resentencing of petitioner for three convictions to same terms of imprisonment as in previous sentence, albeit changing two terms from consecutive to concurrent).

lacked jurisdiction to grant the requested relief. The motion . . . ought to have been dismissed."); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district court lacks jurisdiction to consider the petition).

### III.  CONCLUSION

Accordingly, for the reasons set forth above, it is ORDERED that Lynch's 28 U.S.C. § 2254 petition for writ of habeas corpus is DISMISSED for lack of jurisdiction because it is a successive petition filed without the required authorization of the Eleventh Circuit Court of Appeals.

Final judgment will be entered separately.

DONE, on this the 6th day of November 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE